FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 03 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
EDWARD HARRISON,

                        Petitioner,

- against -

THOMAS GRIFFIN,

                        Respondent.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**

14-CV-6437 (SLT)

**TOWNES, United States District Judge:**

On October 20, 2014, *pro se* petitioner Edward Harrison filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge his January 14, 2009, conviction for sexual misconduct. Respondent Thomas Griffin now moves to dismiss the case as untimely. For the reasons discussed below, the motion is granted and the petition is dismissed.

## BACKGROUND

The following facts are drawn from the petition for a writ of habeas corpus (the "Petition"), which attaches voluminous state-court records. The allegations of the Petition are assumed to be true for purposes of this memorandum and order. The Court also relies on state-court records which are attached to the Declaration of Paul M. Tarr in Support of the Motion to Dismiss (the "Tarr Declaration"), many of which are duplicates of the documents attached to the Petition.

On September 8, 2008, petitioner pled guilty to sexual misconduct in the Supreme Court of the State of New York, Richmond County. On January 14, 2009, he was sentenced to 11

months in prison and designated a level II offender under the Sex Offender Registration Act. (Tarr Dec. Ex. C; Pet. 1.)[1] Petitioner did not file a notice of appeal with respect to this judgment.

On January 19, 2011, more than two years after he was sentenced, petitioner filed a *pro se* motion pursuant to section 440.10 of New York Criminal Procedure Law ("CPL") (hereafter, the "§ 440.10 Motion"), seeking to vacate the judgment of conviction on various grounds, including the ground that he received ineffective assistance of counsel because his trial attorney failed to file a notice of appeal on his behalf. (Tarr Dec. Ex. D; Pet. 66.) On March 11, 2011, Justice Stephen Rooney of the Supreme Court of the State of New York, Richmond County, denied the motion. (Tarr Dec. Ex. F; Pet. 80-81.) On February 3, 2012, the Appellate Division of the Supreme Court of the State of New York, Second Department, granted petitioner permission to file a late application for leave to appeal from Justice Rooney's order. (Tarr Dec. Ex. I; Pet. 34.) However, that application was ultimately denied by the Appellate Division on September 5, 2012. (Tarr Dec. Ex. K.)[2]

On February 12, 2013, petitioner filed a petition for a writ of error coram nobis in the Appellate Division. (Tarr Dec. Ex. L; Pet. 37.) Although such petitions typically allege ineffective assistance of appellate counsel, petitioner's affidavit in support of his petition asserted that petitioner "was denied the effective assistance of trial counsel [because] trial counsel failed to file [his] appeal application" as requested. *Id.* On August 7, 2013, the Appellate Division denied the writ of error coram nobis. (Tarr Dec. Ex. O; Pet. 31.) Petitioner

---

[1] Numbers preceded by "Pet." denote pages in the Petition. Because the exhibits to the Petition are not paginated, the Court will use the page numbers assigned by the Court's Electronic Case Filing ("ECF") system.

[2] Although the application for leave to appeal was originally denied on February 10, 2012 (Pet. 33), that Decision and Order was vacated on May 25, 2012. (Pet. 30.) Leave to appeal was denied for a second time on September 5, 2012 (Tarr Dec. Ex. K).

2

sought leave to appeal the denial of his coram nobis petition to the New York Court of Appeals, (Tarr Dec. Ex. P; Pet. 64.), but leave was denied on October 25, 2013. (Tarr Dec. Ex. Q.)

Almost one year later, on October 20, 2014, petitioner commenced this action by placing the Petition in his prison's mailbox. In a 10-page, typewritten attachment to the Petition (hereafter, the "Attachment"), petitioner raises two grounds for relief. First, petitioner asserts that his trial attorney provided ineffective assistance. (Attachment, p. 1). Second, asserting that the complainant had recanted, petitioner argues that he is actually innocent of the crime to which he pled guilty. (*Id.*, p. 7). However, the Petition does not contain any evidence of the alleged recantation, or suggest any other basis for a viable claim of actual innocence.

Petitioner also argues in the Attachment that the instant petition is not untimely. Petitioner implies that the judgment has yet to become final because, owing to trial counsel's failure to file the notice of appeal, he has yet to appeal. (*Id.*, p. 6). Petitioner also argues that he was never advised of his right to appeal, asserting that "it is undisputed that petitioner was never advised of his rights to appeal [and] that, upon discovering that right, he made several timely and diligent pro se attempts to obtain review of the judgment through the avenues available to him." (*Id.*, p. 7). Petitioner also makes a wholly unsubstantiated claim of actual innocence.

Respondent now moves to dismiss the Petition as untimely. First, respondent argues that because petitioner did not file a notice of appeal, his conviction became final on February 13, 2009, when his time to appeal expired. Respondent reasons that since petitioner did not file his petition on or before February 13, 2010, the Petition is untimely. Second, respondent argues that the Petition is untimely even if the one-year period did not start to run until plaintiff discovered that his trial counsel had failed to file the notice of appeal.

In a letter dated December 31, 2014, petitioner requested a 90-day extension of his time to respond to the motion to dismiss. The Court granted that request in an order dated January 8, 2015. However, petitioner never filed a response to the motion or requested a further extension of his time to do so.

## DISCUSSION

With the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1), the one-year period runs from the latest of:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In the instant action, only subsections A and D are at issue.

With respect to subsection A, petitioner's conviction became final 30 days after the imposition of the sentence. In cases in which a defendant does not appeal his conviction, the judgment of conviction becomes final when the time for filing a notice of appeal from that judgment expires. *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002). In New York, defendants have thirty days after the imposition of a sentence in which to file the notice of appeal. *See* CPL § 460.10(1)(a). Since petitioner did not appeal his conviction in this case, the

judgment of conviction became final on February 13, 2009 -- thirty days after petitioner's January 14, 2009, sentencing.

Petitioner did not petition for a writ of habeas corpus by February 13, 2010. As discussed in more detail below, 28 U.S.C. § 2244(d)(2) provides that the one-year period is tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." However, this subsection is inapplicable since petitioner did not file any post-conviction motions until January 2011, almost a year after the February 13, 2010, deadline expired. Accordingly, if the one-year limitations period began on February 13, 2009, the Petition would be untimely.

Petitioner implies, however, that he did not discover his attorney's ineffective assistance until sometime after the judgment became final. *See* Attachment, p. 7. Assuming that this is true, the one-year period of limitations would start to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The Petition does not specify precisely when Petitioner first learned of the ineffective assistance, other than to state that "he made several timely and diligent pro se attempts to obtain review" of the judgment thereafter. Attachment, p. 7. Yet, it is clear that Petitioner learned of the ineffective assistance sometime prior to the filing of his § 440 Motion on January 19, 2011, since that motion incorporates the ineffective assistance claim. This Court need not determine precisely when, through the exercise of due diligence, Petitioner could have discovered the alleged ineffective assistance. Even if this Court assumes that Petitioner did not discover, and could not have discovered, the factual predicate for Petitioner's claim until January 19, 2011, the instant Petition would still be untimely.

Calculation of whether the Petition would be timely if the limitations period began on January 19, 2011, is complicated by operation of 28 U.S.C. § 2244(d)(2). This subsection provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the one-year period. A state post-conviction application "remains pending" "until the application has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002); *see Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999) (a § 440.10 motion remained pending at least from the time it was filed until the time in which petitioner could apply for a certificate of leave to appeal under § 460.15 expired). The tolling period "ends as soon as the applicant's post-conviction proceeding no longer is pending in the state courts without regard to the possible availability of a writ of certiorari from the Supreme Court." *Ramos v. Walker*, 88 F.Supp.2d 233, 236 (S.D.N.Y. 2000).

In this case, petitioner's § 440.10 Motion was "pending" from January 19, 2011, when petitioner filed the motion, until September 5, 2012, when leave to appeal was denied by the Appellate Division -- a total of 596 days. The petition for a writ of error coram nobis was pending from February 12, 2013, when petitioner filed the petition, until the Court of Appeals denied leave to appeal on October 25, 2013 -- a total of 256 days. However, even if the 852 days during which these two State-court motions were pending is not counted, the Petition is still untimely. A total of 1,371 days elapsed between January 19, 2011, and October 20, 2014. Even if 852 days are discounted, the remaining 519 days would exceed the 365-day limitations period.

To be sure, the one-year period of limitations established by § 2244(d) is subject to equitable tolling in "appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "However, tolling is appropriate only if [the petitioner] shows (1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Jenkins v. Greene*, 630 F.3d 298, 302 (2d Cir. 2010) (internal quotations and citations omitted). Petitioner, in this case, has not requested equitable tolling, much less shown extraordinary circumstances that prevented him from bringing this habeas petition in a timely manner. Therefore, equitable tolling is not justified.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss the instant petition as time-barred is granted, and the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed. The Court declines to issue a certificate of appealability because the Petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Court

Dated: August 31, 2015
Brooklyn, New York